(Mahoning County Court of Common Pleas.)

THE WILLIAM H. HOLMES CO. *v.* MICHAEL H. BOOK ET AL.

---

1. Where, in an action of foreclosure, by the order of the court some other party than the sheriff is ordered to sell the land, the fees of such party for making such sale, ought to be determined by a rule similar to that by which the fees of the sheriff in such matters are determined. But where the party ordered to sell the land is the mortgagor's assignee for the benefit of creditors who, on his own motion, asked to be allowed to make the sale, in determining the fees he is entitled to for making such sale, there should be first taken into consideration the fees he is entitled to from the proceeds from all other sources that came into his hands as assignee, to keep his fees within the limits provided by law from the sum total of all moneys that come into his hands.

2. Where a wife has signed a mortgage in connection with her husband, under the act passed in 1891, (88 Ohio Laws, p. 181), she is entitled only to dower out of the surplus after the payment and satisfaction of such claims as would preclude the allowance of dower.

3. A party is entitled to allowance in lieu of homestead at the time the distribution is made.

4. Where a party leaves his homestead for temporary purposes only, with no intention to abandon same, he does not lose the right he may have had to have a homestead set off.

5. Where a party is driven from the homestead by stress of circumstances, yet never abandons his claim to an allowance in lieu of a homestead, but has always insisted that such allowance should be made to him—for instance, where a party is driven from the homestead by a judicial sale thereof under which he has to give up possession of the property—there is no voluntary abandonment of the homestead, such as would bar the party's right to the allowance in lieu of homestead.—(*Ed. Bulletin.*)

(Decided October, 31, 1894.)

---

JOHNSTON, J. (orally).

From the pleadings in this case, it appears that The William H. Holmes Company commenced an action against Michael H. Book and others for

the purpose of enforcing a mortgage which the Holmes Company had upon the real estate of Michael H. Book.  Prior to that time Michael H. Book had made an assignment to Daniel A. Davidson, who was, at the time of the commencement of this proceeding, acting as assignee for Michael H. Book, and he was, I believe, made a party defendant to this proceeding; at least the assignee has answered in the case setting up the fact that he is the assignee, and denying the claims of the other parties—of The Holmes & Co., and one Williams, who claimed to have a mortgage upon the property, of Kridler & Warner, and Fitch & McConnell, and demanding proof.

The matter passed along in this shape until perhaps during the May term of court, when there was a trial had and finding made that Williams had a mortgage upon one part of the property mentioned and described in the petition, which was the first lien upon that piece of property; it was also found, in the same decree, that Kridler & Warner had a mechanic's lien for the amount of their claim upon the other portion of the property, and that The Holmes Company had a second lien, by virtue of their mortgage, upon both pieces of property; and finding that Fitch & McConnell had a lien, by virtue of their judgment, which had been taken sometime previous to the assignment of Book.  The assignee, in his cross-petition, aside from setting out what I have already stated in regard to the claims of the other parties and to his being assignee, asks that the court order him to sell the property.  In the determination of the case it was found necessary to sell the property, and the assignee was, by order of this court, directed to do so, and bring the proceeds into court for further order.  During this time the wife of Michael H. Book, Melissa E. Book, filed an answer in which she sets up the fact that she is entitled to dower in this property.  Having signed the mortgage of Holmes, and the mortgage in favor of Williams, she yet claims she is entitled to a contingent right of dower in the entire property.  She also files a motion in which she sets up her demand for a homestead, and asks that an allowance be made to her in lieu of a homestead.

None of these questions were disposed of.  The funds are now in court for distribution.  In the determination of these matters, the first question is as to the right of the assignee to fees, or as to what he would be entitled to; second, as to the right of Melissa E. Book to the contingent dower in the entire property, or any such portion as the court may find; and as to the right of having a homestead set off to her out of the surplus which remains in the hands of the assignee.

As to the allowance of fees to the assignee, who was directed by the court to sell the land, it would seem where the mortgagee has commenced an action to foreclose, and the property goes into the hands of some other person than the sheriff to make the sale, as in this case, the fees ought to be determined by a rule similar to that by which the fees of the sheriff are determined.

But we find from the pleadings that the assignee has asked to be allowed to sell this property, and the court has directed him, as assignee, to sell it; so that, in view of what has already been done in the case, I am of opinion that the assignee is entitled to fees, as such, out of the proceeds of the property, but that there should be first taken into account the amount of money he had received from other sources and from which fees should be deducted—money that he had received as rent, $112.00, sales of personal property $224.00, collections $100.90, in all $445.90.  Now, under the statute fixing the fees of the as-

signee, he would be entitled to six per cent. upon the first thousand dollars, and four per cent. upon the next four thousand. The six per cent. should be taken out of the $445.90 so far as it would reach, and six per cent. upon what remained up to a thousand dollars, and then he should have four per cent. upon any amount exceeding that sum; the amount that he has received in this case not reaching five thousand dollars in the proceeds from the sale, a decree may be entered in the assignee's favor that he is entitled to the amount I have stated by way of compensation for his services in the case.

Under the holdings of the Supreme Court in this state, it would seem that where a wife has signed a mortgage in connection with her husband, that if there is a surplus remaining sufficient to allow her dower out of the whole, that she is so entitled; but by an act passed in 1891, (Ohio Laws, vol. 88, p. 181), subsequent to the decisions of the Supreme Court, there has been a limitation placed upon her right, and now, as I understand that act, she is entitled only to dower out of the surplus after the payment and satisfaction of such claims as would preclude the allowance of dower. In this case there were two claims which were secured by mortgage, and in each instance she had signed the mortgage; that is, the claim of Williams and the claim of the Wm. H. Holmes Co. As against those she is not entitled to dower, and under this act of the legislature she would be entitled to only a contingent right of dower out of the surplus that remained out of this sale after the payment of the costs in this proceeding, and after the payment of these two claims against which she could not claim dower. As to the rule to be applied in this matter, the rule which is given in Giauque's Manual for Assignees is perhaps as safe a one to follow as can be found, and it indicates that she would be entitled, at the age which the proof showed her to be at the time demand was made, to $3.97 out of each hundred dollars that remained after payment of the costs and of these two claims secured by mortgage, and that amount may be awarded to her for her contingent dower in this case.

As to the question of the right of Melissa E. Book to a homestead in this property, or out of the proceeds, there seem to be at least two instances named in the two authorities cited as to when a party is entitled to allowance in lieu of a homestead; that is, at the time when distribution is made. Yet the Supreme Court has, upon two or three occasions, in speaking of this right, said that it is one that should be liberally construed in favor of the party asking it. In this case Melissa A. Book, after being made a party to this proceeding, comes in and asks that allowance be made to her in lieu of homestead out of the surplus after the payment of these two mortgages. It appears that some time after this first decree, and some two weeks before the hearing of this case, Michael H. Book and wife had removed from Lowellville, where this property was situated, to New Castle, Pennsylvania; that he was there engaged by the month in the occupation of butcher, and had rented a house by the month; that he had taken with him his household goods, leaving nothing but some small articles of personal property remaining in Lowellville. He said that he went there, not for the purpose of making his home there or remaining there, but was there for a temporary purpose only; that he did not expect to remain in that place nor in that occupation for any great length of time, but because he had nothing else to do, and as it would afford him a means of making a living while he was making other arrangements for his future. This is about the sum and substance of the testimony of Michael H. Book as to the abandonment of his homestead, or of his intention to make the state of Pennsylvania his place of residence, and this is in no manner controverted by other testimony.

In two or three instances, where the question of temporary abandonment of homestead has been considered in this state, the Supreme Court has said—and I know of no authority to the contrary—that it does not impair the right to have a homestead set-off.   12 Ohio St. 431.

So, that, wherever or whenever a man had left his homestead for temporary purposes, he did not abandon or lose the right which he might have had to have a homestead set off.

The case of *Jackson* v. *Reid*, 32 Ohio St. 443, presents a question very similar to the one here, as well as the case of *Wetz* v. *Beard et al.*, 12 Ohio St. 431, and in view of the decisions I have referred to, and some others which I will not stop to read, I am of opinion that Mrs. Book is entitled to an allowance in lieu of a homestead, out of the surplus of the proceeds arising from the sale of this property, and it is based upon the ground that they were temporarily absent from the county, and that she had made her demand long prior to the distribution of this property, and long prior to the time the order of final distribution is made in this case. That whilst they have abandoned the property by stress of circumstances, yet she never abandoned her claim to an allowance in lieu of a homestead out of the proceeds of this sale, but has always insisted, and now insists upon the same being made to her.   They could not then have a homestead; they have a homestead nowhere; they were driven from it by the sale, and when the sale was confirmed they were obliged as much to abandon the possession of the property as in one of the cases referred to, where the property was burned.   The court held that that was an enforced abandonment; and here is just as much of an enforced abandonment, by the sale, as there would be if the property had been destroyed or taken from them in any other way.   There was no voluntary abandonment of the place as a home.   In view of what I have said, and of the decisions referred to, I am of the opinion that she is entitled to an allowance in lieu of homestead out of the proceeds arising from the sale of the real estate now in the hands of the assignee.

Decree may be entered in the case finding that the assignee is entitled to fees in this case, taking into account the sum of $445.90, accounted for in probate court, upon which he would be entitled to six per cent.; and deducting this amount from the fund arising from the sale of this property, would leave $554.10, upon which he would be entitled to six per cent., or six per cent. upon the first thousand, counting the $445.90 and the $554.10, and then four per cent. upon the remainder of the proceeds of the sale.

So far as the dower or contingent interest of Mrs. Book is concerned in this property, she would be entitled, after payment of the costs and after the satisfaction of the Holmes and Williams claims, to $3.97 out of each one hundred dollars.   Section 5443, Rev. Stat.   That amount will be allowed to her in lieu of dower; and the five hundred dollars in lieu of homestead.

The claims, including interest to October 19, 1894, I find to be as follows: The Holmes Company, $896.23; Williams, $1,093 00 less $1,000 already paid; Kridler & Warner, $72.22; Fitch & McConnell, $573.47.

The assignee should pay out the money in his hands as follows: First, the costs of this proceeding; then the claim of Williams, which is the first claim upon the hotel property; then the claim of Kridler & Warner, which is a first lien upon the livery stable; then the claim of Holmes Company, which is a second lien upon both; then following that comes in the dower, and then the homestead; then Fitch & McConnell.

Decree may be taken accordingly.   The matter of expenses and allowance for attorney's fees ought to be adjusted in the probate court.

The item of insurance may go in with the general expenses.

*W. W. Zimmerman,* for The W. H. Holmes Company.
*L. H. E. Lowry,* for Daniel A. Davidson, assignee, and Melissa E. Book.
*M. C. McNabb,* for Fitch & McConnell.
*John S. Roller,* for Benjamin Williams.
*Woolf & Moore,* for Kridler & Warner.